IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBERA PACHECO | ) |
| Plaintiff, | ) Civil Action No. |
| v. | ) |
| MIDLAND CREDIT MANAGEMENT, INC. | ) |
| Defendant. | ) |

COMPLAINT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA").

JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

PARTIES

4. Plaintiff Barbara Pacheco is an adult individual residing at 70 West 95th Street, Apartment 17A, New York, New York 10025.

5. Defendant Midland Credit Management, Inc. ("MCM") is a business entity with its principal office located at 8875 Aero Drive, Suite 200, San Diego CA 92123. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired to collect a debt owed to an original creditor (hereafter the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. In or around September 2012, Defendant began contacting Plaintiff on Plaintiff's telephone approximately three times in an attempt to collect the debt. Defendant verified to Plaintiff the debt belonging to another debtor on all occasions in September 2012.

9. Notwithstanding the above, in or around early October 2012, Defendant began contacting Plaintiff again at Plaintiff's home in an attempt to collect the debt with the intent to annoy, abuse, and harass.

10. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer for the purpose of acquiring anything other than location information about the consumer.

11. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the debt and disclosing the debt to that person.

12. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any other person than the consumer on more than one occasion.

13. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer in connection with the collection of any debt.

14. Defendant acted in a false, deceptive, misleading and unfair manner by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

15. Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

16. Defendant acted in a false, deceptive, misleading and unfair manner by using false, deceptive, or misleading representation or means in connection with the collection of any debt.

17. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing the character, amount, or legal status of any debt.

18. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

19. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

20. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

21. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to

Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## **COUNT I - VIOLATIONS OF THE FDCPA**

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

25. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

26. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692c(b), 1692d, 1692d(5), 1692e(2)(A), 1692e(10), and 1692f, as evidenced by the following conduct:

    (a) Communicating with any person other than the consumer for the purpose of acquiring anything other than location information;

    (b) Communicating with any person other than the consumer and disclosing the debt to that person;

    (c) Communicating with any person other than the consumer on more than one occasion;

    (d) Communicating with any person other than the consumer in connection with the collection of any debt;

(e) Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(f) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(g) Falsely representing the character, amount, or legal status of any debt;

(h) Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

(i) Using unfair or unconscionable means to collect or attempt to collect any debt.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

28. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## JURY TRIAL DEMAND

29. Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

    (a)  Actual damages;

    (b)  Statutory damages;

    (c)  Punitive damages;

    (d)  Costs and reasonable attorney's fees; and

    (e)  Such other and further relief as may be just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY: */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
ERIN A. NOVAK, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

DATE: December 20, 2012